# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-10677
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 13, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT PAUL MAYNE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-235-1

Before DeMOSS, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Robert Paul Mayne appeals his 240-month sentence following his guilty plea conviction for conspiracy to possess with intent to distribute methamphetamine. Mayne argues that the district court's determination of the amount of methamphetamine attributable to him was clearly erroneous because it was based on inconsistent statements made by his co-conspirator, Randy Roger Eickhoff.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10677

A district court's calculation of the quantity of drugs involved in an offense is a factual finding that is entitled to considerable deference and will be reversed only if clearly erroneous. *See United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). A factual finding is not clearly erroneous if it is plausible in light of the record as a whole. *Id.* "[A] district court may adopt the facts contained in a [presentence report] without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the [presentence report] is unreliable." *United States v. Cabrera*, 288 F.3d 163, 173-74 (5th Cir. 2002). "The defendant bears the burden of showing that the information in the [presentence report] relied on by the district court is materially untrue." *United States v. Valencia*, 44 F.3d 269, 274 (5th Cir. 1995). Although the testimony of a witness who has "contradicted himself" raises "a credibility question for the district court to resolve," the testimony may still bear sufficient indicia of reliability. *United States v. Ramirez*, 963 F.2d 693, 708 (5th Cir. 1992).

The district court did not clearly err in relying on Eickhoff's post-arrest statements which, as the Government points out, were made closest to the events and are more consistent with Mayne's guilty plea to the indictment charging him with conspiring to possess with intent to distribute methamphetamine with Eickhoff from 2010 to 2012. Further, Eickhoff was consistent in his post-arrest interview and proffer that he purchased between one gram and one half ounce of methamphetamine from Mayne for two years. Further, Agent Melanie Finney's testimony supported Eickhoff's testimony that Mayne was involved in the August 7 and 29, 2012 transactions.

The district court heard the testimony at the sentencing hearing and elected to credit Eickhoff's post-arrest statements with the modifications set

forth in the addenda. This credibility decision by the district court was within its province as the trier-of-fact. *See United States v. Sotelo*, 97 F.3d 782, 799 (5th Cir. 1996). Because the evidence relied on by the district court had sufficient indicia of reliability, and because the district court's factual finding regarding the amount of drugs attributable to Mayne is plausible in light of the record as a whole, Mayne has not shown that the district court erred in overruling his objection to the quantity of methamphetamine. *See Betancourt*, 422 F.3d at 246.

AFFIRMED.